IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER STOLTZ<br>Plaintiff | : | |
| | : | CIVIL ACTION NO: |
| v. | : | |
| COUNTY OF LANCASTER, BONNIE ASHWORTH,:<br>LORE VERNE, RYAN GAJECKI, AND JAMES<br>HACKETT<br>Defendants | : | |

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION:**

1. This action is brought by Jennifer Stoltz to redress her deprivation of rights in contravention of 42 U.S.C. section 1983, violations of Title VII of the Civil Rights Act of 1964, as amended, violations of the Americans with Disabilities Act, as amended, violations of the Pennsylvania Human Relations Act, invasion of privacy, defamation, negligent supervision of employees, intentional infliction of emotional distress and assault and battery. In support of these claims, Jennifer Stoltz alleges:

**JURISDICTION AND VENUE:**

2. Original jurisdiction founded on the existence of a question arising under particular statutes. The action arises under 42 U.S.C. section 1983, Title VII of the Civil Rights Act of 1964 as amended and Americans with Disabilities Act.

3. Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C. section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties

that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4. The matter in controversy exceeds, exclusive of interests and costs the sum of one hundred thousand dollars.

5. The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania. Venue therefore lies in the Eastern District of Pennsylvania.

**PARTIES:**

6. Plaintiff is a citizen of Lancaster County in the Commonwealth of Pennsylvania. Plaintiff is employed by the County of Lancaster with offices located in the City of Lancaster, Pennsylvania. Plaintiff is a Park Ranger for the County of Lancaster.

7. Defendant County of Lancaster is the municipal government for Lancaster County Pennsylvania. Defendant County oversees the administration and management of the Parks Department where the plaintiff works as a Park Ranger. At all times relevant, Defendant County acted by and through all management, administrators, Chief Rangers, commissioners, directors, supervisors, staff, employees and agents.

8. Defendant Bonnie Ashworth was the Acting Director for Human Resources for the County of Lancaster. At all times relevant, Defendant Ashworth acted for Lancaster County and/or acted individually on her own behalf.

9. Defendant Lore Verne was the former Chief Ranger for the County of Lancaster and Plaintiff's direct supervisor. Ryan Gajecki reported to Defendant Lorne before Gajecki was promoted to Interim Chief Ranger. At all times relevant, Defendant Verne acted for the County of Lancaster and/or acted individually on his own behalf.

10. Defendant Ryan Gajecki is the Interim Chief Ranger for the County of Lancaster and Plaintiff's direct supervisor. At all times relevant, Defendant Gajecki acted for the County of Lancaster and/or acted individually on his own behalf.

11. Defendant Hackett is the Executive Director of the Parks Department for the County of Lancaster. Defendant Hackett supervised Chief Range Lore Verne and supervises Interim Chief Ranger Ryan Gajecki. At all times relevant, Defendant Hackett acted for the County of Lancaster and/or acted individually on his own behalf.

**CLAIMS**:

12. Plaintiff is a female.

13. At all times relevant the plaintiff was disabled.

14. November 2004, Defendant Lancaster County and Defendant Verne, then Chief Ranger, hired the plaintiff as a Park Ranger to work in the Parks Department.

15. Plaintiff was the sole female park ranger for Lancaster County.

16. Plaintiff is a hard working, dedicated employee with an exemplary performance record. She acts for the safety of the citizens and residents of Lancaster County.

` 17. Plaintiff was subjected to derogatory and offensive sex related comments from male co-workers, including Defendant Ryan Gajecki, then a park ranger. Because of her sex/gender, the male co-workers belittled the plaintiff, ignored her professional opinions, excluded her from work matters and failed to provide her back up.

18. Plaintiff reported the discrimination and disparate treatment to Defendant Chief Ranger Verne. Defendant Verne failed to act to correct, stop or remedy the discrimination, hostility or disparate treatment.

19. March 4, 2006, the plaintiff was injured at work. Plaintiff was injured in the course of unauthorized shotgun training instructed by Defendant Ryan Gajecki, then a park ranger and co-worker. Defendant Gajecki directed the plaintiff to attend the training and demanded that she continue the training even though she complained of injury and visible pain to her shoulder. Plaintiff reported the work injury and Defendant Gajecki's conduct to management.

20. As a result of the injury, the plaintiff was on medical release from work for one year.

21. May 7, 2007, the plaintiff was released to return to limited work duties. The work offered to her was not comparable ranger duties and otherwise violated her restrictions.

22. The male co-workers, including Defendant Gajecki and Defendant Chief Ranger Verne, ridiculed and demeaned the plaintiff that she was assigned "secretarial" and not ranger duties.

23. Plaintiff was then assigned work at the County Pool under the supervision of Defendant Gajecki's mother-in-law, Helen Mohler, who maliciously presented the plaintiff with unjustified disciplinary action. It is believed and therefore averred that Defendant Gajecki instructed his mother-in-law to discipline the plaintiff.

24. On or about July 13, 2007, the plaintiff filed charges of discrimination with the EEOC. See Charges of Discrimination at Exhibit A.

25. On July 20, 2007, the plaintiff informed the defendants that she filed charges of discrimination with the EEOC. See Charges of Discrimination at Exhibit A.

26. After the county pool was closed for the season, September 2007, Plaintiff was not offered any work and she was again off work on medical leave.

27. November 2007, the plaintiff returned to duty at the Ranger Station only to be assigned menial tasks and demeaning chores emptying trashcans, cleaning toilets and mopping floors. See Duty Schedule at Exhibit B.

28. Defendants failed to accommodate the plaintiff and failed to reasonably engage in the interactive process.

29. Plaintiff was able to perform the essential duties of a park ranger with accommodation.

30. Defendant Chief Verne denied the plaintiff full uniform until the plaintiff sought private counsel to act on her behalf.

31. Defendant Chief Verne knowingly published falsehoods to rangers and park staff that the plaintiff was "faking her injury".

32. Defendant Chief Verne knowingly breached trusted confidentiality and discussed the plaintiff's medical condition with general park staff that had no right to know about the plaintiff's private and personal affairs.

33. Defendant Chief Verne confined the plaintiff in the Park Station performing clerical duties. Plaintiff worked alone with Defendant Chief.

34. Defendant Chief Verne's behavior toward the plaintiff became more hostile, aggressive and enraged.

35. On or about June 23, 20058, the plaintiff reported Chief Verne's conduct, described above, to Defendant Executive Director of Parks James Hackett. Co-workers Ranger Shaneyfelt and Ranger Whitman were present with the plaintiff. Ranger Shaneyfelt confirmed that he heard Chief Verne make derogatory comments regarding the plaintiff's medical condition and disability, including statements that she was "faking the injury" and "she should quit". It

was further reported to Defendant Hackett that Chief Verne made offensive race-related comments about shooting "Niggers" and horses. Defendant Hackett failed to act to stop or correct Chief Verne.

36. The hostility and harassment by Chief Verne escalated after the plaintiff made the good-faith reports to Defendant Director Hackett. The following day, June 24, 2008, Defendant Chief Verne threatened to fire the plaintiff and told her to "Leave and do the County a favor".

37. On June 25, 2008, Defendant Chief Verne shouted at the plaintiff that she was disciplined for false allegations of insubordination and then he forcefully shoved her with both hands that jerked her already injured shoulder causing additional pain and aggravation of her work injury.

38. The plaintiff reported Defendant Chief Verne's assault and battery to Defendant County, the Commissioners for Defendant County and to the District Attorney for Defendant County. See Notice Assault and Battery at Exhibit C.

39. Defendants failed to remedy the harassment, discrimination and hostility directed at the plaintiff from Chief Verne who remained as Chief Ranger in a position of control and authority and who remained working alone with the plaintiff in the Ranger Station.

40. Defendant Chief Ranger Verne's rage and explosive behavior increased causing the plaintiff great concern for her safety and well being as she worked alone with him in the Ranger Station.

41. Towards the end of July 2008, the plaintiff observed and immediately reported to Defendant Hackett and Defendant Ashworth that the Gun Locker was opened and that Chief Verne disappeared with a loaded rifle. Chief Verne returned hours later at which time he tampered with the lock on the Gun Locker so that only he could access the locker.

42. Beginning August 2008, Defendant Verne was separated from employment with Lancaster County and Defendant Ryan Gajecki was promoted to Interim Chief Ranger. See Awaiting Investigation Outcome attached at Exhibit D.

43. Defendant Interim Chief Ranger Gajecki displayed intense contempt, distain and anger towards the plaintiff because the plaintiff reported the work injury of March 4, 2006 that involved Defendant Gajecki.

44. Defendant Interim Chief Ranger Gajecki issued the plaintiff a negative performance review and warned the plaintiff that her job was in jeopardy. See Performance Review at Exhibit E.

45. Defendant Interim Chief Ranger Gajecki subjects the plaintiff to disparate treatment, harassment and hostility, unjust disciplinary action and threatened job security because of her sex, disability, reporting discrimination and requesting accommodation.

46. Defendants acted jointly and separately to harm the plaintiff.

47. Defendants' joint and separate conduct was callous, willful, committed with reckless indifference and total disregard for the plaintiff's protected rights and was otherwise outrageous conduct.

48. As a result of the defendants' joint and separate conduct, the plaintiff suffered harm and damages.

49. As a result of the defendants' joint and separate conduct the plaintiff suffered financial losses, wrongful interference with medical care and treatment, emotional distress, humiliation, embarrassment, anguish, lost reputation, physical injury, ridicule and embarrassment.

50. Defendants discriminated against the plaintiff and treated the plaintiff differently, disparately, and adversely and retaliated against her because of her sex, disability and/or for reporting discrimination and harassment and/or for requesting accommodation.

51. Plaintiff was denied equal protection, equal opportunity and equal conditions of employment.

38. The plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. The plaintiff exhausted her administrative remedies and she complied with the conditions precedent to the filing of this complaint. See Notice of Right to Sue attached at Exhibit F.

**COUNT I**

**JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH, LORE VERNE, RYAN GAJECKI AND JAMES HACKETT**

39. The allegations of paragraphs 1 thru 38 are incorporated by reference.

40. Defendants conduct was committed under color of state law.

41. Plaintiff has a constitutionally protected property right and interest in her position as Park Ranger.

42. Defendants defamed the plaintiff, tarnish her name and reputation and threatened her employment.

43. Defendants retaliated against Plaintiff because she spoke up and reported discrimination and harassment.

44. Defendants acted in concert.

45. Defendants deny the plaintiff equal protection, equal opportunity and equal conditions of employment.

46. The actions and inactions by defendants contravened Plaintiff's due process rights and protections, contravened Plaintiff's civil rights and protections, contravened Plaintiff's property rights and protections, contravened Plaintiff's rights of liberty, contravened Plaintiff's freedom of speech and otherwise contravened Plaintiff's constitutional rights and protections pursuant to 42 U.S.C. section 1983.

47. Defendants together acted to conspire and violate Plaintiff's civil, liberty, property and due process rights, interests and protections pursuant to 42 U.S.C. section 1983.

48. Defendants denied Plaintiff her rights guaranteed by the Constitution and Federal Law, including rights guaranteed by the 1st Amendment and 14th Amendment.

49. The actions and inactions by defendants were willful.

50. Defendants Ashworth, Verne, Gajecki and Hackett are liable in so far as they acted individually on their own behalf.

51. As a result of the defendants' actions, the plaintiff suffered harm, losses and damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Lancaster County, Bonnie Ashworth, Lore Verne, Ryan Gajecki and James Hackett:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT II**

**JENNIFER STOLTZ V. COUNTY OF LANCASTER**

52. The allegations of paragraphs 1 thru 51 are incorporated by reference.

53. The conduct by Defendant Lancaster County described above constituted violations of Title VII of the Civil Rights Act of 1964 as amended.

54. The conduct by Defendant Lancaster County described above was willful within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendant County of Lancaster and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages.

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT III**

**JENNIFER STOLTZ V. COUNTY OF LANCASTER**

55. The allegations of paragraphs 1 thru 54 are incorporated by reference.

56. The conduct by Defendant Lancaster County described above constituted violations of The Americans With Disabilities Act as amended.

57. The conduct by Defendant Lancaster County described above was willful within the meaning of The Americans With Disabilities Act as amended.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendant Lancaster County and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages.

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT IV

## JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH, LORE VERNE, RYNE GAJECKI, AND JAMES HACKETT

58. The allegations of paragraphs 1 thru 57 are incorporated by reference.

59. The conduct by Defendants described above constituted violations of the Pennsylvania Human Relations Act.

60. The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants County of Lancaster, Bonnie Ashworth, Lore Verne, Ryan Gajecki and James Hackett and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(D) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT V

## JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH, LORE VERNE, RYAN GAJECKI, AND JAMES HACKETT

61. The allegations of paragraphs 1 thru 60 are incorporated by reference.

62. Defendants, jointly and separately, intruded upon the Plaintiff's right to solitude or seclusion of her private and personal affairs.

63. Defendants intrusion into the Plaintiff's private and personal affairs, including expectations of medical privacy, was intentional and highly offensive.

64. Defendants wrongfully publicized, disclosed, and ridiculed the Plaintiff's personnel matters, personal affairs, and confidential medical matters and portrayed the Plaintiff in a false light.

65. Defendants acted willfully, recklessly, knowingly and with ill intent.

66. Defendants had knowledge of or acted in reckless disregard.

67 As a result of the Defendants' joint and separate conduct, the Plaintiffs suffered harm, damages and losses.

68. Defendants were not privileged to discuss, publish or disclose the plaintiff's personal, private and confidential affairs

69. Any privilege that existed was abused.

70. Defendants are jointly and separately liable to Plaintiff for invasion of privacy.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against all Defendants and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT VI**

**JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH, LORE VERNE, RYAN GAJECKI, AND JAMES HACKETT**

71. The allegations of paragraphs 1 thru 70 are incorporated by reference.

72. Defendants published false statements that the plaintiff was "faking her injury".

73. Defendant Chief Verne falsely accused the plaintiff of insubordination.

74. Defendant Interim Chief Gajecki falsely accused the plaintiff of insubordination, misconduct and poor performance.

75. Defendants relied and acted on the falsehoods.

76. The false statements caused the Plaintiff's lost reputation and caused the Plaintiff great emotional distress, physical ailments, embarrassment and anxiety.

77. Defendants published the falsehoods to those who had no right to know.

78. Defendants recklessly and maliciously published the false statements regarding the Plaintiff in total disregard for the truth.

79. Defendants were not privileged to publish the falsehoods, or if any privilege existed, Defendants abused the privilege.

80. The statements were untrue.

81. Defendants are jointly and separately liable to Plaintiff for defamation.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against all Defendants and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT VII**

**JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH AND JAMES HACKETT**

82. The allegations of paragraphs 1 thru 81 are incorporated by reference.

83. Defendants had managerial responsibility, control and oversight over their employees and subordinates.

84. Defendants failed to supervise, discipline, and control their subordinates that acted to harm the plaintiff.

85. As a result of the subordinates' acts and conduct toward the plaintiff as stated above, the plaintiff suffered harm, damages and losses.

86. The defendants breached their duty of care.

87. The defendants are liable to the plaintiff for negligent supervision of employees.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants County of Lancaster, Bonnie Ashworth and James Hackett and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT VIII

## JENNIFER STOLTZ V. COUNTY OF LANCASTER, BONNIE ASHWORTH, LORE VERNE, RYAN GAJECKI, AND JAMES HACKETT

86. The allegations of paragraphs 1 thru 87 are incorporated by reference.

87. The actions taken by defendants described above were outrageous, indecent and extreme.

88. The actions taken by the defendants caused Plaintiff to suffer great mental distress, anguish, physical ailments, shame, and humiliation.

89. Plaintiff suffered harm and damages as a result of defendants' negligent infliction of emotional distress.

90. Defendants separately and jointly are liable to Plaintiff for damages as a result of intentional/negligent infliction of emotional distress.

91. Defendants acted willfully and carelessly.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against all defendants and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff cost of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT IX

## JENNIFER STOLTZ V. COUNTY OF LANCASTER AND LORE VERNE

92. The allegations of paragraphs 1 thru 91 are incorporated by reference.

93. Defendant Chief Ranger Lore Verne physically attacked, unlawfully touched, physically assaulted and battered the Plaintiff to cause her to suffer physical harm, fear and distress.

94. On June 25, 2008, Defendant Chief Verne shouted at the plaintiff that she was disciplined for false allegations of insubordination and then he forcefully shoved her with both hands that jerked her already injured shoulder causing additional pain and aggravation of her work injury.

95. As a direct result of the assault and battery, Plaintiff suffered injuries and receives medical care and treatment.

96. Defendant County was aware that Chief Ranger Verne antagonized the plaintiff and that he was dangerous. Defendant knowingly failed to act to prevent the assault and battery.

97. Defendant County and Defendant Verne are liable to the plaintiff for all harm she suffered as a result of the assault and battery.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant County of Lancaster and Defendant Lore Verne:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for physical harm, mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted,

*ss/Nina B. Shapiro*

Date: December 3, 2008

Nina B. Shapiro, Esquire
Attorney for Plaintiff
ID# 44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720
bgdnbs@aol.com

# EXHIBIT A

LAW OFFICES OF
NINA B. SHAPIRO, ESQ.
SUITE 201
53 N. DUKE ST.
LANCASTER, PENNSYLVANIA 17602
(717)-399-8720
FAX (717)-399-8744

FILE COPY

Joan Gmitter
U.S. Equal Employment Opportunity Commission
The Bourse Building, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
BY CERTIFIED MAIL

July 13, 2007

Re: Jennifer Stoltz v. County of Lancaster, Bonnie Ashworth and Lore Verne

Dear Ms. Gmitter:

Enclosed please find Jennifer Stoltz's charges of discrimination against the above named respondents with election to cross-file the matter with the Pennsylvania Human Relations Commission.

I look forward to working with the commission on behalf of Jennifer Stoltz.

Very truly yours,

Nina B. Shapiro, Esquire
Attorney for Jennifer Stoltz

NBS:mab
Enclosure
cc: Jennifer Stoltz

LAW OFFICES OF
NINA B. SHAPIRO, ESQ.
SUITE 201
53 N. DUKE ST.
LANCASTER, PENNSYLVANIA 17602
(717)-399-8720
FAX (717)-399-8744

FILE COPY

Paul D. Clauser, Esquire
Kegel Kelin Almy & Grimm LLP
24 North Lime Street
Lancaster, PA 17602-2913

July 20, 2007

RE: Jennifer Stoltz v. County of Lancaster
WC Bureau No. 2960020

Dear Attorney Clauser:

Enclosed please find a copy of the charges of discrimination that Jennifer Stoltz recently filed with the EEOC.

Very truly yours,

Nina B. Shapiro, Esquire

NBS: mab
Enclosure
cc: Jennifer Stoltz

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC — CHARGE NUMBER

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

NAME (Indicate Mr., Ms., Mrs.): Jennifer Stoltz

HOME TELEPHONE (Include Area Code): 717-859-1866

STREET ADDRESS: 114 North 9th Street, Apt 2

CITY, STATE AND ZIP CODE: Akron, PA 17501

DATE OF BIRTH: 1/3/76

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| County of Lancaster | 500 plus | 717-299-8000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 50 North Duke Street | Lancaster, PA 17602 | Lancaster |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Bonnie Ashworth and Lore Verne | 717-299-8000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 50 North Duke Street | Lancaster, PA 17602 | Lancaster |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [XXX] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[XXX] RETALIATION [ ] AGE [XXX] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: November 2004 — LATEST: ongoing
[XXX] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

See Attached Jennifer Stoltz's Charges of Discrimination

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

[signature]

7/13/07

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

JENNIFER STOLTZ'S CHARGES OF DISCRIMINATION

I am female. I am thirty-one years old. I am disabled. I am a member of protected classes.

Respondents are the County of Lancaster, my employer, and Bonnie Ashworth, Acting Human Resources Manager and Lore Verne, Chief Ranger. Respondents act individually and jointly.

I have worked for Respondents since November 2004.

I am the sole female Park Ranger for Respondent Lancaster County, my employer. I am treated differently because I am a woman. I am denied equal wages. I am subjected to derogatory and offensive comments from my male co-workers. My male co-workers refuse to acknowledge my existence, ignore my professional opinions and exclude me from work matters.

I reported the discrimination and disparate treatment to Respondent Ashworth and Respondent Verne. Respondents failed to act to correct or remedy the treatment, harassment and discrimination.

I am treated differently and disparately because I am disabled.

March 4, 2006, I was injured in the course of my employment. The injury caused nerve damage to my right shoulder that now droops and caused pain from my neck through the right side of my chest.

May 7, 2007, The Respondents demanded that I return to assigned alternate work that is not comparable to my work as park ranger and otherwise violates my restrictions. My fellow co-workers ridicule and demean because the assigned work is 'secretarial' and not ranger duties. The Respondents demanded that I report to menial work at the County pool collecting passes for which I was maliciously presented with an unjustified documented warning.

The Respondents failed to engage in the interactive process and otherwise failed to accommodate me.

Respondents wrongfully interfered and discontinued my entitled compensation benefits as a Park Ranger. The Respondents wrongfully interfered with my medical care and treatment.

I am subjected to unjustified disciplinary action, harassment, put-downs, anguish, hostility and otherwise retaliated against because I have reported the unequal treatment and make requests for accommodation.

I am denied equal conditions of employment.

Respondents denied my continued certification as a Park Ranger.

# EXHIBIT B

# 7-3:30 Duty Schedule

0700-0730 Line up

0730-0830 Assist rangers opening the park (if necessary)

0830-1000 Administrative Duties, filing, entering incidents, research, work projects, station duty, training etc.

1000-1030 Break (2-15minute breaks)

1030-1200 Mail Run

- Take mail from park office out to other divisions
- Bring mail from other divisions back to park office
- Take mail to courthouse
- Bring mail back to park office
- Do a deposit if necessary

1200-1230 Lunch

1230-1500 Foot patrol in Central Park

- Learn park history
- Learn plants, trees and animals
- Learn the trail system
- Report any enforcement problems to the rangers on duty

1500-1530 Close out

Note: Every Monday station duties will include emptying the trash cans mop the restroom and entry area floor, clean the sink and toilet. Cleaning of office equipment if needed.

# EXHIBIT C

NINA B. SHAPIRO, ESQ.
SUITE 201
53 N. DUKE ST.
LANCASTER, PENNSYLVANIA 17602
(717)-399-8720
FAX (717)-399-8744

Paul D. Clouser, Esquire
Eric N. Athey, Esquire
Kegel Kelin Almy & Grimm LLP
24 N. Lime Street
Lancaster, PA 17602-2913
BY HAND

June 25, 2008

RE: Jennifer Stoltz v. County of Lancaster
WC Bureau No. 2960020
EEOC Charge No. 530-2007-003622

Dear Counsel:

I left Eric a telephone message this morning. Without delay, I am extremely dismayed to report that this morning, June 25, 2008, the Chief Ranger, Lore Verne, violently pushed and shoved Jennifer Stoltz that jerked forward her already injured shoulder causing additional extreme pain and aggravation of her work injury. Enclosed is the statement and release from work prepared by Dr. Steinke.

This correspondence meets the employee's notice requirement pursuant to the workers' compensation act to timely report a work injury.

Chief Verne has been publishing falsehoods that Jennifer is "faking the work injury" of March 4, 2006. Jennifer Stoltz with Chad Shaneyfelt, fellow park ranger, reported Chief Verne's conduct to Executive Director of Parks, James Hackett. Chad Shaneyfelt specifically reported that Chief Verne breached protected confidentiality and that Chief Verne publicly makes discriminatory statements directed at Jennifer and others.

The hostility and harassment by Chief Verne has escalated since Jennifer made the reports to Director Hackett. Yesterday, Chief Verne threatened to fire Jennifer and told her "leave and do the County a favor."

Today Ranger Verne shouted at Jennifer that she was being disciplined for falsely alleged "insubordination" and then he forcefully pushed her causing additional pain to her already injured shoulder.

FILE COPY



Jennifer Stoltz is prepared to file charges against Chief Verne for assualt and battery. Accordingly, copies of this notification were delivered to District Attorney Stedman and Commissioner Stuckey for follow-up action.

Chief Verne's violent behavior and poor judgment are very disturbing. Chief Verne has an uncontrolled temper that escalates into rage. Jennifer Stoltz is gravely concerned about her welfare and protection as well as the welfare and protection of her fellow rangers.

This matter necessitates **immediate** action.

Respectfully yours,

Nina B. Shapiro, Esquire
Attorney for Jennifer Stoltz

NBS:kak
Enclosure
cc: Jennifer Stoltz
District Attorney Craig Stedman (By Hand)
Commissioner Dennis Stuckey (By Hand)

# EXHIBIT D

LAW OFFICES OF
NINA B. SHAPIRO, ESQ.
SUITE 201
53 N. DUKE ST.
LANCASTER, PENNSYLVANIA 17602
(717)-399-8720
FAX (717)-399-8744

FILE COPY

Mr. Eric N. Athey, Esquire
Kegel Kelin Almy & Grimm
24 North Lime Street
Lancaster, PA 17602
BY FACSIMILE AND FIRST CLASS MAIL

August 5, 2008

RE: Jennifer Stoltz v. County of Lancaster et al
W.C. Bureau No. 2960020
EEOC No. 530-2007-03622

Dear Mr. Athey:

You previously advised that an investigation was underway to conclude after July 9, 2008.

It is now a month later and I await your return notification of the outcome of that investigation.

I understand that Lore Verne was removed as Chief Park Ranger. I am greatly dismayed and disappointed that the substitute Chief Ranger is Ryan Gajecki, the negligent ranger that caused Jennifer Stoltz's work injury in 2004. Then Ranger Gajecki, without authorization and requisite knowledge, directed shotgun training. Apparently, the Sheriff's Department is the only instructor for firearms training.

Curiously, the only disciplinary action in Jennifer Stoltz' personnel file was issued by substitute Chief Ranger Gajecki's mother in law when Jennifer was assigned to the County Pool upon her return to limited light duty work last summer 2007.

I look forward to your immediate update on the investigation. Thank you for your expected cooperation.

Respectfully yours,

Nina B. Shapiro, Esquire

NBS:kak
cc: Jennifer Stoltz

# EXHIBIT E

**4. PROJECT OF JOB RESPONSIBILITY:** **RANGER DEPARTMENT BUDGET**
**RESULTS ACHIEVED:** This was not one of Jen's original goals, however, she was asked to familiarize herself with the 2008 Park Ranger Budget. She provided input for the 2009 budget and worked closely with staff to finalize. Jen monitored every expenditure that the department made. She developed a folder to keep records and worked with the Chief Ranger and other rangers so that the expenditures were documented. With that knowledge, Jen was able to put together and submit the 2009 budget for the department. She was able to find areas that needed more money and pull from areas that didn't need as much. Jen has done an excellent job with tracking the budget and an outstanding job with putting together and submitting next years budget.

Her overall rating for this goal is EXCEEDS EXPECTATIONS

**5. PROJECT OF JOB RESPONSIBILITY:** **OFFICE ADMINISTRATIVE**
**RESULTS ACHIEVED:** As a result of Jen's light duty assignment, she was asked to do most of the Administrative duties around the Ranger Station. She has also been asked on some occasions to fill in at the Park's Main Office as a receptionist when needed. While at the Ranger Station, Jen is counted on to answer phone calls to answer park related questions or pass any information on to a particular Ranger that may be out on patrol. She has also organized some of the filing cabinets to make it easier to find documents. Jen has completed every purchase order this year for the ranger department. Jen was asked to do the monthly schedules for our department after the Chief left in July. After the schedule is made, she makes sure that all divisions receive one via email. She also adds any shift changes or leave requests through schedule updates as they occur. Jen normally does mail run for our department so it frees up the other rangers to patrol. Jen also makes sure the IRIMS reporting system is backed up weekly. She has been an asset to the division.

Her overall rating for this goal is MEETS EXPECTATIONS

**6. PROJECT OF JOB RESPONSIBILITY:** **PROFESSIONAL AND HUMAN RELATIONS**
**RESULTS ACHIEVED:** In dealing with both the public and the Parks and Recreation Department and County staff, it is imperative that Jen provide positive, efficient and courteous service both in person and through telephone communications. Over the past year, Jen has expressed concern regarding the management style and leadership of former Chief Ranger Lore Verne. More recently, Jen has also had conflict with Interim Chief Ranger Ryan Gajecki. Despite such problems, Jen has shown an increase in job motivation and has undertaken tasks which have greatly benefited the Department. Jen's willingness to take on additional tasks and assignments and to effectively perform the tasks asked of her is commendable. However, in addition to performing her job in an effective and commendable manner, Jen must also maintain a positive attitude and peacefully co-exist with her supervisors and colleagues. While it is understood that conflicts may arise from time to time, the proper chain of command for reporting such conflicts should be followed so that the issues can be properly addressed. Jen should first report any complaints to her immediate supervisor, which for the time-being is Ranger Gajecki. If she is uncomfortable speaking with Ranger Gajecki, she may then approach either Assistant Director Weiss or Director Hackett. If she is uncomfortable speaking with Ranger Gajecki,

Assistant Director Weiss or Director Hackett, Jen should make an appointment to meet with someone in Human Resources. In the past, Jen has circumvented this chain of command and voiced complaints to other County government employees, including those in outside divisions or departments. Jen has been counseled on the importance of bringing her complaints/concerns to the appropriate personnel within the Department so that the problems can be addressed and properly handled. In the future, it will also be important for Jen to maintain and present a positive attitude at work that represents the mission of the Department. Interpersonal conflicts must been kept to a minimum to ensure an efficient and productive work environment.

Her overall rating for this goal is FAILS TO MEET EXPECTATIONS

**7. PROJECT OR JOB RESPONSIBILITY:** Self Development
**RESULTS ACHIEVED:**

___ Legal Updates/refreshers (Act 120, Act 235 or NPS)
_X_ CPR Certification
_X_ Multi-Media First Aid (every 3 years)
___Firearms Qualification (X1)

Performance will exceed goals for the rating period when the incumbent also successfully completes two ore more of the following:

_X_ Playground Safety inspection course, including NPSI Certification (Trained by CPSI to know what to look for)
___ Search and Rescue/Water Rescue
___ Forest Fire Suppression
___ Ice Rescue
___ Haz Mat Awareness
___ Data processing courses
___County Communication orientation training
___ CPR Instructor
_X_ CPR for the Professional Rescuer
___ Self Defense
___Confronting Armed Subjects
___Arrest and Control Techniques
___ Expandable Baton/Instructor
_X_ OC Spray/ OC Instructor
___ Firearms Instructor
___ Gang and Drug Awareness
___ Animal Management
_X_C.L.E.A.N. Training/TAC Officer
_X_J-NET Training/TAC Officer
___ Other

Her overall rating for this goal is MEETS EXPECTATIONS.

# EXHIBIT F

RECEIVED 9/9/08 KL

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
5048 5610

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 5, 2008

Ms. Jennifer Stoltz
c/o Nina B. Shapiro, Esquire
Law Offices of Nina B. Shapiro
Attorney at Law
53 N. Duke St., Suite 201
Lancaster, PA 17602

Re: EEOC Charge Against County of Lancaster, et al.
No. 530200703622

Dear Ms. Stoltz:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
County of Lancaster, et al.